UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUE A. FORBES, an individual, and TERRENCE DOUGLAS, an individual, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 2:21-cv-581 ) |
| v. | ) Judge: ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, | ) Magistrate Judge: ) ) DEMAND FOR JURY TRIAL |
| Defendants. | ) |

## COMPLAINT

### I. Parties, Jurisdiction and Venue

1.  The Plaintiff, Jacque A. Forbes, is an individual citizen and resident of Marrero, Louisiana.

2.  The Plaintiff, Terrence Douglas, is an individual citizen and resident of New Orleans, Louisiana.

3.  The Defendant, Illinois Central Railroad Company, is an Illinois corporation whose principal place of business is in Homewood, Illinois.

4.  The incident that is the subject of this complaint occurred at the Mays Yard of the Defendant, Illinois Central Railroad Company, in Jefferson Parish, Louisiana.

5.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00.

### II. Facts

6.  The Plaintiff, Jacque A. Forbes, is a conductor for the Norfolk Southern Railroad Company.

7. The Plaintiff, Terrence Douglas, is an engineer for the Norfolk Southern Railroad Company.

8. On March 26, 2020, Mr. Forbes and Mr. Douglas were assigned to work a transfer job out of the Norfolk Southern's Oliver Yard in New Orleans. This transfer job delivers railcars from Norfolk Southern's Oliver Yard to the Mays Yard of the Illinois Central Railroad Company.

9. Mr. Forbes and Mr. Douglas worked for several hours in the Oliver Yard switching railcars together to make up their train to deliver to the Illinois Central. Ultimately, they put together a train containing approximately 84 cars.

10. Mr. Forbes and Mr. Douglas left the Oliver Yard around 5:00 or 5:30 on the morning of March 27, 2020. Their train arrived at the Mays Yard about an hour and a half later.

11. When their train arrived at the Mays Yard, Mr. Forbes and Mr. Douglas were given instructions to put their train into Track 6 and leave the cars there. Mr. Forbes and Mr. Douglas complied with these instructions. They went into Track 6. They uncoupled their engines from the cars. They put appropriate handbrakes on the cars they were leaving behind.

12. Mr. Forbes and Mr. Douglas next had to "turn" their locomotive engines. This simply meant that they needed to navigate their engines through a section of the yard referred to as a "Y" so they could reverse the engines' directions. They did this.

13. Next, the yardmaster gave them instructions to go into Track 12 and couple to cars in that track. There were about 30 cars in Track 12. Mr. Forbes and Mr. Douglas complied with this instruction.

14. After coupling up, Mr. Forbes and Mr. Douglas awaited further instructions from the yardmaster.

15. As they waited in Track 12, there was suddenly a loud "BAM" sound accompanied by a violent lurching forward of their engine. Both Mr. Forbes and Mr. Douglas were thrown about the engine quite violently. It turns out that an Illinois Central crew had rolled railcars into Track 12 from the opposite end, causing them to collide with Mr. Forbes' and Mr. Douglas' train.

16. The force of the collision was so severe that it caused Mr. Forbes to suffer injuries to his head, neck, back, and ribs. The injuries to his neck and cervical spine are permanent.

17. As a result of the injuries he received in the collision, Mr. Forbes missed significant time and wages from his work, underwent extensive medical care in an attempt to recover from his injuries, incurred significant medical expenses, and suffered and will suffer permanent pain in the future.

18. The force of the collision caused Mr. Douglas to suffer injuries to his ribs, neck, lower back, and hip. He underwent medical treatment for his injuries, including significant physical therapy and medications. He lost significant time and wages from his employment and incurred medical expenses. He continues to suffer from symptoms of his injuries, and it is believed those injuries may be permanent.

### III.  First Cause of Action
### (Negligence)

19. The Plaintiffs aver that all of their injuries and damages were proximately caused by the negligence of the Defendant, Illinois Central Railroad Company, acting by and through its agents, servants or employees while acting within the line and scope of their employment.

20. The Plaintiffs aver that the negligence of the Defendant, Illinois Central Railroad Company, includes, but is not limited to, the following specific acts of negligence:

    a. The Defendant negligently kicked loaded cars into a track that was

    occupied by Mr. Forbes' and Mr. Douglas' train.

  b. The Defendant failed to maintain proper communications among its train crews working in the Mays Yard.

  c. The Defendant's yardmaster failed to properly control and coordinate the various movements in the Mays Yard.

  d. The Defendant's employees negligently lined a switch from the lead into Track 12 while Mr. Forbes' and Mr. Douglas' train was occupying that track.

  e. The Defendant was otherwise negligent.

### IV. Damages

21. As a proximate result of the Defendant's negligence, Mr. Forbes has suffered and seeks to recover the following injuries and damages:

  a. Past lost wages and permanent impairment of earning capacity;

  b. Past and future medical expenses;

  c. Past and future physical pain and mental anguish;

  d. Inability to carry out the usual and normal activities of life; and,

  e. Permanent physical disability.

22. Because of the severity of his injuries, Mr. Forbes seeks to recover compensation in a sum in excess of $100,000.00.

23. As a proximate result of the Defendant's negligence, Mr. Douglas has suffered and seeks to recover the following injuries and damages:

  a. Past lost wages and permanent impairment of earning capacity;

  b. Past and future medical expenses;

      c.      Past and future physical pain and mental anguish;

      d.      Inability to carry out the usual and normal activities of life; and,

      e.      Permanent physical disability.

24. Because of the severity of his injuries, Mr. Douglas seeks to recover compensation in a sum in excess of $100,000.00.

## V. Jury Demand

25. The Plaintiffs demand trial by jury.

Respectfully Submitted,

*/s/ Booth Samuels*
Booth Samuels (32051)
Attorney for Plaintiff
Wettermark Keith, LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
205-933-9500
bsamuels@wkfirm.com

DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Illinois Central Railroad Company
c/o Corporation Service Company, Registered Agent
501 Louisiana Ave.
Baton Rouge, LA  70802